# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GILBERT HINOJOS,

    Plaintiff,

v.                                                         Civil No. 00-1157 WJ/RLP **ACE**

HONEYWELL INTERNATIONAL, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING SUMMARY JUDGMENT

THIS MATTER comes before the Court upon Defendant's Motion for Summary Judgment, filed August 16, 2001 **(Doc. 20)**.[1] Plaintiff alleges that Defendant ("Honeywell") violated Title VII by selecting two other individuals (Mr. Osmun and Ms. Aragon-Ruiz) over Plaintiff for the Planning Specialist position, in retaliation for Plaintiff's filing previous charges of discrimination; and (2) that Honeywell breached a "contract" of employment by not posting a separate notice for the second Planning Specialist position and by not giving Plaintiff "preference" over more qualified external applicants.[2] Having considered the parties' briefs and the applicable law, I find that Honeywell is entitled to summary judgment.

---

[1] Plaintiff was represented by counsel when he filed the complaint. In January 2001, counsel withdrew when Plaintiff decided to represent himself (Doc. 15, 18). He filed the response to summary judgment *pro se*. At present, Plaintiff is represented by another attorney who entered an appearance in February 2002 (Doc. 33).

[2] At the outset of the summary judgment motion, Defendant notes that the correct name of the entity is "Honeywell Federal Manufacturing and Technology," and not "Honeywell International, Inc."

Plaintiff worked at Honeywell for eight years prior to applying for the position Planning Specialist, starting out as a custodian. He was promoted to Maintenance Helper, Materials Handler, and then to Materials Coordinator. In October of 1999, Honeywell advertised a "Planning Specialist" position and solicited applications from internal and external candidates. Two other candidates, Alfred Osmun and Genevieve Aragon-Ruiz, were hired over Plaintiff. Plaintiff claims that Honeywell did not hire him in retaliation for filing charges of discrimination against the company. Defendant contends that Mr. Osmun and Ms Aragon-Ruiz were better qualified in both the required and preferred qualifications for the position.

The hiring process involved a three-member team consisting of the hiring manager (Jim Gumm), who had final hiring authority for the position, a technical project specialist (Sue Greene), and a planning specialist (Brian Arnold). The team interviewed Plaintiff, Mr. Osmun and Ms. Aragon-Ruiz. Each applicant was scored on eleven work-related criteria, and the final scores of each applicant were compiled into a separate document. Deft's Ex. D-2. Mr. Osmun scored highest with a total score of 335, Ms. Aragon-Ruiz' score was 267 and Plaintiff's score was 235. See Deft's Ex. D-3.

Summary judgment is proper if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case. See Hulsey v. K-Mart, Inc., 43 F.3d 555, 557 (10th Cir.1994).

*Discussion*

To establish a prima facie Title VII retaliation claim, Mr. Hinojos must show that: (1) he

2

was engaged in opposition to Title VII discrimination; (2) he was subjected to adverse employment action subsequent to or contemporaneous with the protected activity; and that (3) there is a causal connection between the protected activity and the adverse employment action. See Murray v. City of Sapulpa, 45 F.3d 1417, 1420 (10th Cir.1995). Retaliation claims under Title VII are subject to the burden- shifting analysis of McDonnell Douglas Corp.v. Green, 411 U.S. 792, 802-04 (1973); Pastran v. K-Mart Corp.,210 F.3d 1201,1206 (10th Cir. 2000). The plaintiff bears the initial burden of establishing a prima facie case of discrimination. Id. (citation omitted). If the plaintiff does so, then the defendant must offer a legitimate, non-discriminatory reason for its employment action. Id. The plaintiff then bears the ultimate burden of demonstrating that the defendant's proffered reason is pretextual. Id.

*Prima Facie Case*

In support of his retaliation theory, Plaintiff points to the temporal proximity between the filing of his EEOC complaints and his unsuccessful bid for the Planning Specialist position. Mr. Hinojos filed two charges with EEOC, one in November 1998 (Deft's Ex. A1); and the other in September 1999 (Ex. A-2). In the first charge of discrimination filed with the EEOC, Plaintiff claimed that he was blamed for data entry errors and that he had trained the two Anglos who were getting credit for fixing the errors. The EEOC found otherwise: that Plaintiff's supervisor, along with Human Resources, was working to address his problems with data entry due to "inattention to detail"; that Plaintiff was the only individual doing data entry; that Plaintiff did not train the two temporary employees who were hired to bring the database up to date; and that he

3

was reassigned to tasks which did not involve data entry.[3]

Mr. Hinojos admits he has no evidence that Mr. Gumm ever knew that he filed the EEOC claim, but he remembers telling Mr. Arnold about it. Deft's Ex. A at 126:14-25. He also stated he never told Ms. Green about filing the charge, but assumes she found out through the "rumor mill." Ex. A at 127.[4] While close temporal proximity between the employee's complaint and the adverse employment action is a factor in determining whether the employer's proffered reason is a pretext for retaliation, see Pastran v. K-Mart Corp., 210 F.3d 1201,1206 (10th Cir. 2000), alone it is insufficient to establish the causation element of a retaliation claim. Cmp.,Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 272 (2001). Such is the case here. A showing of retaliatory motive is necessary to the causation prong of a retaliation claim. Purrington v. University of Utah, 996 F.2d 1025 (10th Cir.1993) (plaintiff must prove that defendant's action was intentionally retaliatory; Gunnell v. Utah Valley State College, 152 F.3d 1253, 1262 (10th Cir.1998). Plaintiff has not offered any facts or evidence that suggest retaliatory motive on the part of Defendant.

*Evidence of Discrimination*

The position of Planning Specialist required a college degree, computer skills and two years experience in a technical, administrative and manufacturing field. Desired qualifications

---

[3] The later EEOC claim was based on Plaintiff's allegation that he had been promised, but did not receive, a promotion. The EEOC found that the evidence did not support this allegation; that the employer's intention was to evaluate Plaintiff within six months and grant him a salary increase if warranted; and that Plaintiff was in fact given a 4% salary increase which the EEOC found to be commensurate to the raises non-Hispanics received. Ex. C.

[4] Even if Plaintiff did tell Mr. Arnold about the EEOC claim, I note that there is no evidence that anyone passed this information along to Mr. Gumm.

(listed as "Wants" in the job description, see Deft's Exs. A-3 & A-4) were familiarity with drawing archive and release systems and strong interpersonal, analytical and communication -- oral and written -- skills. Id. Even assuming Plaintiff had made out a prima facie case of retaliation, he offers no evidence from which pretext can be inferred. See Cone v. Longmont United Hosp. Ass'n, 14 F.3d 526, 529 (10th Cir. 1994) (plaintiff must then prove discriminatory intent, either through direct evidence, or by proving that the reasons the defendant offered are not the true reasons for the defendant's action, but are merely a pretext for discrimination).

Merely arguing that he should have scored higher does not render Defendant's reasons pretextual. The manager's perception of the employee's performance is relevant, not the "plaintiff's subjective evaluation of his own relative performance." Furr v. Seagate Tech. Inc., 82 F.3d 980, 988 (10th Cir.1996); Bullington v. United Airlines,186 F.3d 1301, 1317, n.13 . (10th Cir. 1999) (plaintiff's own assessment of his performance is not reliable evidence). Further, Honeywell clearly presents legitimate reasons for selecting the other two applicants over Mr. Hinojos and for scoring Plaintiff significantly lower than either of the two successful applicants. Mr. Hinojos lacked a college degree or Power Point skills (listed as "Musts" in the job description), and was less able to handle a diversity of assignments based on his prior work history. See Deft's Exs. D-2, D-3, D-4, D-5. Plaintiff had 8 years experience working as a materials handler as opposed to Mr. Osmun's 16 years of production control experience and Ms. Araon-Ruiz' 19 years of inventory production planning and financial analysis experience. On a more subjective level, Plaintiff did not do as well as the other two applicants in interview skills, which affected his scoring in one of the "Wants" qualifications for strong interpersonal skills. See Deft's Ex. D-5 at

2 and Ex. E at 23.[5]

Plaintiff's attempt to create genuine issues of material fact fails to attenuate Defendant's position that Mr. Osmun and Mr. Aragon-Ruiz obtained the higher scores for the simple reason that they possessed both the required and preferred skills for the Planning Specialist position. His "material facts in dispute" are either immaterial or undisputed. For example, Plaintiff contends that Honeywell has a company policy to give preference to internal candidates, but offers no evidence in any form to back up this statement. Mr. Gumm was not aware of any such policy. See Deft's Ex. E at 17-18; Ex. A at 111 (conceding that Defendant had the right to give position to better qualified external candidate); Deft's Mat'l Fact No. 9. Even so, the position's college requirement was relaxed for him, virtually allowing Plaintiff a "preference" that was not afforded to the other candidates. Similarly, the fact that Mr. Gumm was a friend of one of the applicants, See Pltff's Disp. Fact No. 22, is immaterial. Personal friendship, even if did play a role in the hiring process, is not an illegal or unconstitutional motive. See Fisher v. Vassar College, 114 F.3d 1332, 1337 & n.3 (2d Cir. 1997) (fact that defendant's proffered reason was false does not necessarily mean that the true motive was the illegal one argued by plaintiff), abrog. on other grds., Reeves v. Sanderson Plumbing Prod., 530 U.S. 133 (2000); EEOC v. Flasher Co., 986 F.2d 1312, 1321 (10th Cir.1992) (even a finding that the reason given for the adverse employment action was pretextual, does not compel a finding of discrimination, unless it is shown to be a pretext for discrimination against a protected class"). Plaintiff challenges the requirement of a college degree, but fails to allege how this requirement is discriminatory. See Pltff's Disp. Fact

---

[5] In his deposition, Mr. Gumm described Mr. Hinojos as someone who "didn't talk very much" and "[d]idn't try to sell himself." Deft's Ex. E at 23.

No. 6. His statement in No. 19 that he alone has the ability to drive a forklift is simply incorrect. See Deft's Ex. D-2 & D-3.

A plaintiff typically makes a showing of pretext in one of three ways: (1) with evidence that the defendant's stated reason for the adverse employment action was false; (2) with evidence that the defendant acted contrary to a written company policy prescribing the action to be taken by the defendant under the circumstances; or (3) with evidence that the defendant acted contrary to an unwritten policy or contrary to company practice when making the adverse employment decision affecting the plaintiff. In this case, Mr. Hinojos cannot show pretext on any of these bases. Defendant's selection for the Planning Specialist position is consistent with the employment criteria set out in the job announcement. Cmp., Mohammed v. Callaway, , 698 F.2d 395, 400-01 (10th Cir. 1983) (finding that departure from employment criteria set out in job announcement so as to disadvantage minority employee seeking promotion was probative of discrimination). Plaintiff offers no evidence, directly or indirectly, that Honeywell treated him or other Hispanics differently because of ethnic status in applying for this or other positions. See Kendrick v. Penske Tranp. Serv., Inc.,220 F.3d 1220, 1230 (10th Cir. 2000). Nor is there evidence that Defendant stretched any employment criteria in order to illegally exclude Plaintiff from competing for the position. see Reeves v. Sanderson Plumbing Prod., 530 U.S. 133 (2000) (citation omitted). Plaintiff does not present evidence of a long history of animus or statements by anyone at Honeywell that could or would be suggestive of retaliatory motive. See, e.g., Pastran, 210 F.3d at 1206 n.6 (citing examples therein).

In sum, there is no evidence which would indicate that Defendant's reasons for not hiring Plaintiff are unworthy of belief, see Krause v. Dressler Ind., Inc., 910 F.2d 674, 677 (10th Cir.

1990) (quoting Tex. Dept. of Comm. Affairs v. Burdine, 450 U.S. 248, 256 (1981), or from which a reasonable juror could infer pretext.

*Implied Contract Claim*

Mr. Hinojos does not identify any policy or procedure which required Honeywell to post two separate Planning Specialist positions. Nor does he explain why it was discriminatory or retaliatory to use the results of the first interview and scoring process to select the candidate for the second position, which opened up only a few weeks later. Further, Plaintiff was not precluded from a chance at the second position, having already applied for the first one, and does not mention how interviewing a second time would have increased his chances for the second position. Accordingly, Plaintiff's allegations of retaliation under Title VII fail under this theory as well.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Summary Judgment **(Doc. 20)** is hereby GRANTED in that Plaintiff's claims against Defendant are DISMISSED WITH PREJUDICE in their entirety;

**IT IS FURTHER ORDERED** that Defendant is awarded allowable costs pursuant to Fed.R.Civ. P. 54(d)(1).

_____
UNITED STATES DISTRICT JUDGE